IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIEKE WILLIAMS | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-4458 |
| ROBERT SHANNON, ET AL. | : | |

# ORDER

AND NOW, this   3rd   day of November, 2008, upon consideration of Petitioner Malieke Williams's Petition for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1), Magistrate Judge Arnold C. Rapoport's Report and Recommendation (Doc. No. 8), Petitioner's Objection to Report and Recommendation (Doc. No. 9), and Respondent's Response to Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 10), it is ORDERED as follows:

1. Petitioner's Objection to Report and Recommendation (Doc. No. 9) is OVERRULED;

2. The Report and Recommendation (Doc. No. 8) is APPROVED and ADOPTED;

3. The Petition shall be held in abeyance pending exhaustion of Petitioner's state court remedies.

IT IS SO ORDERED.[1]

---

[1] After being convicted of simple assault on March 24, 2005 in the Philadelphia Court of Common Pleas, Petitioner filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 *et seq.*, claiming ineffective assistance of counsel. Evidently this petition was found after being lost in the Philadelphia court system for two years. On October 22, 2007, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. No. 1.)  Magistrate Judge Rapoport recommended that the petition be stayed pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), in order to allow Petitioner's 2005 PCRA

BY THE COURT:


/s/ *R. Barclay Surrick*, **Judge**

---

petition to be addressed in the state courts. (Doc. No. 8 at 2-3.) Petitioner objected that we should excuse the exhaustion requirement because of excessive delay and because "[f]ederal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy . . . ." (Doc. No. 9 at 3 (*citing Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994)).)

On September 12, 2008, counsel for Respondent advised this Court by letter that Petitioner's PCRA petition was processed in state court and was dismissed because Petitioner was no longer in state custody. Counsel advised that it was unknown whether Petitioner planned to appeal from the dismissal. Counsel argued that it would be premature to remove the stay because it is unclear what the state appellate courts might do in this matter and that there was a chance that the appellate courts might reinstate Petitioner's direct appeal rights. We scheduled a hearing for October 17, 2008 to discuss the issue of holding this matter in abeyance. Respondent's counsel and the Court had been sending correspondence to Petitioner at his address of record at S.C.I. Frackville. We received no response from Petitioner. In late September, 2008, we informed Respondent's counsel that we believed that the address of record was no longer accurate. Counsel consulted the PCRA Unit of the Philadelphia District Attorney's Office and found an alternative address, 1804 Penfield Street, Philadelphia, Pennsylvania, 19126. Counsel forwarded his previous correspondence to this address and we used this address moving forward. Since then, all of the Court's correspondence, consisting of notices of the hearing, has been returned unclaimed and unable to be forwarded.

The hearing was held on October 17, 2008. Petitioner did not appear. At the hearing, counsel for Respondent advised that Petitioner had appealed the dismissal of his PCRA petition. Counsel again requested that we stay the matter pending completion of the state court proceedings. We concluded that in light of Petitioner's continued pursuit of relief in the state courts, as well as his failure to appear at the hearing, the matter should be stayed. Petitioner's PCRA petition includes a letter from trial counsel essentially admitting that he was ineffective for failing to file a notice of direct appeal as requested by Petitioner. It is possible that the state appellate courts will take into consideration the unusual procedural circumstances of this case and provide relief. Moreover, Petitioner's appeal from the dismissal demonstrates his interest in seeking state-court relief.

On October 21, 2008, counsel sent a letter advising this Court that Petitioner's address in his notice of appeal is different than the address that counsel obtained from the PCRA Unit. Counsel advised that he would forward his letter, as well as certain exhibits, to Petitioner's new address, but observed that it is the Petitioner's responsibility to notify the Court of changes of address. At the time of filing this Order, Petitioner has not communicated with the court.